**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| SANDRA M.W.[1], | Case No. CV 19-07948-AS |
| Plaintiff, | **MEMORANDUM OPINION AND** |
| v. | **ORDER OF REMAND** |
| ANDREW M. SAUL, Commissioner of the Social Security Administration,[2] | |
| Defendant. | |

For the reasons discussed below, IT IS HEREBY ORDERED that, pursuant to Sentence Four of 42 U.S.C. § 405(g), this matter is remanded for further administrative action consistent with this Opinion.

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Andrew M. Saul, the Commissioner of the Social Security Administration, is substituted for his predecessor. See 42 U.S.C. § 405(g); Fed.R.Civ.P. 25(d).

**PROCEEDINGS**

On September 13, 2019, Plaintiff filed a Complaint seeking review of the Commissioner's denial of Plaintiff's application for disability insurance benefits. (Dkt. No. 1). The parties have consented to proceed before the undersigned United States Magistrate Judge. (Dkt Nos. 8, 10). On January 27, 2020, Defendant filed an Answer and the Certified Administrative Record ("AR"). (Dkt. Nos. 13-14). On April 22, 2020, the parties filed a Joint Stipulation ("Joint Stip.") setting forth their respective positions regarding Plaintiff's claim. (Dkt. No. 15).

The Court has taken this matter under submission without oral argument. See C.D. Cal. L.R. 7-15.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

On December 17, 2015, Plaintiff, formerly employed as a sales clerk, a sales manager, and a stock clerk (AR 38, 45-47, 195-99), filed an application for disability insurance benefits alleging a disability onset date of November 3, 2014. (AR 15, 163-66, 176). After Plaintiff's application was denied, initially (on June 29, 2016), and on reconsideration (on August 1, 2016), (AR 76-79, 82-86), Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 88-89). On June 6, 2018, ALJ Gail Reich heard testimony from Plaintiff (represented by counsel), medical expert Durado Brooks, M.D., and vocational expert ("VE") Katie Macy-Powers. (AR 36-56).

On August 28, 2018, the ALJ issued a decision denying Plaintiff's request for benefits. (AR 15-29). Applying the sequential five-step process for evaluating Plaintiff's application, the ALJ made the following findings: At step one, Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, November 3, 2014. (AR 17). At step two, Plaintiff had the following severe impairments: obesity, history of gastric bypass surgery, diabetes mellitus with neuropathy, and degenerative disc disease. (AR 17-20).[3] At step three, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments in the regulations, including Listings 1.04 (disorders of the spine) and 9.00 (diabetes mellitus). (AR 20-22). Plaintiff had the Residual Functional Capacity ("RFC"),[4] to perform light work[5] with limitations.[6] (AR 22). At step four,

---

[3] The ALJ found that Plaintiff's other impairments -- hypertension, elevated lipids, hypothyroidism, and deep vein thrombosis – were non-severe. (AR 20).

[4] A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R § 404.1545(a)(1).

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).

[6] The ALJ found that "[Plaintiff] can lift 10 lbs frequently and 20 lbs occasionally; she can stand or walk up to 2 hours in an 8 hour workday; and she can sit up to 6 hours. She can occasionally use foot controls; posturals are limited to occasionally; she is precluded from use of ladders, ropes, or scaffolds; she is precluded from working at heights or around

Plaintiff was unable to perform any past relevant work (AR 27). At step five, based on Plaintiff's age (over 60 at the time of the June 6, 2018 hearing and August 28, 2018, the date of the ALJ's decision), education, work experience, and RFC, and the VE's testimony, Plaintiff had acquired skills from past relevant work as a sales – home representative (customer service, compiling, and dealing with people) that were transferrable to other jobs existing in significant numbers in the national economy. (AR 27-28, 52-55). Based on these findings, the ALJ concluded that Plaintiff was not disabled, as defined in the Social Security Act, from November 3, 2014, the alleged disability onset date, to the date of the decision. (AR 29).

On July 30, 2019, the Appeals Council denied Plaintiff's request to review the ALJ's decision. (AR 1-5). Plaintiff now seeks judicial review of the ALJ decision, which stands as the final decision of the Commissioner. See 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

This Court reviews the Commissioner's final decision to determine whether the findings are supported by substantial evidence and whether proper legal standards were applied. See Brewes v. Comm'r, 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial

---

hazardous machinery; and she occasionally can tolerate cold or vibration." (AR 22).

evidence" is more than a mere scintilla, but less than a preponderance. Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (internal quotation omitted). As a result, "[i]f the evidence can support either affirming or reversing the ALJ's conclusion, [a court] may not substitute [its] judgment for that of the ALJ." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).[7]

**DISCUSSION**

Plaintiff seeks remand, contending that the ALJ failed to find, at step five, that Plaintiff had acquired skills from past relevant work that were readily transferable to other jobs that Plaintiff could perform "with little or no vocational adjustment." (Joint Stip. at 4-7).

**A.  Transferable Skills**

Transferable skills are skilled or semi-skilled work activities that a claimant did in past work that can be used to

---

[7] The harmless error rule applies to the review of administrative decisions regarding disability. See McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)(An ALJ's decision will not be reversed for errors that are harmless).

meet the requirements of skilled or semi-skilled work activities of other jobs. 20 C.F.R. § 404.1568(d)(1). Transferability of such skills "depends largely on the similarity of occupationally significant work activities among different jobs." Id. Skills are most likely transferable to other jobs where: "(i) [t]he same or a lesser degree of skill is required; (ii) [t]he same or similar tools and machines are used; and (iii) [t]he same or similar raw materials, products, processes, or services are involved." 20 C.F.R. § 404.1568(d)(2). "A complete similarity of all three factors is not necessary for transferability." 20 C.F.R. § 404.1568(d)(3). Rather, "[t]here are degrees of transferability of skills ranging from very close similarities to remote and incidental similarities among jobs." Id. Skills are not transferrable, however, when they "are so specialized or have been acquired in such an isolated vocational setting (like many jobs in mining, agriculture, or fishing) that they are not readily usable in other industries, jobs, and work settings." Id.

The Commissioner's regulations provide that if a claimant is "closely approaching retirement age (age 60 or older)" and has a severe impairment that limits her to no more than light work, "we will find that you have skills that are transferable to skilled or semiskilled light work only if the light work is so similar to your previous work that you would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry." 20 C.F.R. § 404.1568(d)(4) (citations omitted). Social Security Ruling ("SSR") 82-41 further explains that:

> Individuals [who are age 60 and older and are limited to light work exertion] . . . cannot be expected to make a vocational adjustment to substantial changes in work simply because skilled or semiskilled jobs can be identified which have some degree of skill similarity with their [past relevant work]. In order to establish transferability of skills for such individuals, the semiskilled or skilled job duties of their past work must be so closely related to other jobs which they can perform that they could be expected to perform these other identified jobs at a high degree of proficiency with a minimal amount of job orientation.

SSR 82-41 (Policy Statement (4)(c)).

In Renner v. Heckler, 786 F.2d 1421 (9th Cir. 1986), the Ninth Circuit held that the standard governing transferability of job skills for persons of advanced age requires the ALJ to "either make a finding of 'very little vocational adjustment' or otherwise acknowledge[s] that a more stringent test is being applied which takes into consideration [the claimant's] age." Id. at 1424. While conceding that "it serves no purpose to require every step of [the ALJ's] decisional process to be enunciated with precise words and phrases drawn from relevant disability regulations," the Court stated that an ALJ's transferability findings must be sufficiently specific to assure a reviewing court that the ALJ applied the correct standard. Id. Since the record was silent about the amount of vocational adjustment required for the claimant to

1 | transfer into the new jobs, the Court concluded that the ALJ's
2 | finding of transferable skills constituted legal error. Id. See
3 | also Munson v. Bowen, 1988 WL 33361, *2-*4 (9th Cir. Apr. 11,
4 | 1988)(following Renner, ALJ applied correct legal standard to
5 | assess transferability of skills for persons of advanced age when
6 | ALJ specifically concluded that the amount of vocational adjustment
7 | required "would not be so significant.").

9 |     Following Renner, the Ninth Circuit held, in Terry v.
10 | Sullivan, 903 F.2d 1273 (9th Cir. 1990), that even though the ALJ
11 | acknowledged the more stringent standard governing transferability
12 | analysis for claimants approaching retirement age ("We have no
13 | doubt that the ALJ attempted to comply with the proper legal
14 | standards."), the record did not support the ALJ's transferable
15 | skills finding where the vocational expert's testimony failed to
16 | mention "vocational adjustment" or "any equivalent phraseology,"
17 | and "reflect[ed] no understanding of the applicable legal
18 | standards" – Id. at 1279-80. The Court noted that while a
19 | vocational expert's understanding of the applicable standards
20 | could, in some cases, be clear from context, it was "impossible"
21 | to conclude on the record before it that the claimant's
22 | transferable skill was sufficient to enable her to perform in the
23 | new position with a high degree of proficiency and a minimal amount
24 | of job orientation. Id. at 1280(quoting SSR 82-41); see also
25 | Coletta v. Massanari, 163 F.Supp.2d 1101, 1107 (N.D. Cal.
26 | 2001)(applying Terry and holding that "it is not clear from the
27 | record in this case that the vocational expert understood the

applicable standards" governing transferability for claimants of advanced age).

### B. Analysis

As an initial matter, Defendant contends that Plaintiff waived this claim by failing to raise it during the hearing before the ALJ. (Joint Stip. at 13-14). The Court disagrees. The claim is not waived because the alleged legal error in the transferability analysis did not become apparent until the ALJ issued the decision. See Simpson v. Berryhill, 717 Fed.Appx 670, 673 (9th Cir. 2017)(no waiver where the claim "did not become apparent until after the hearing when the ALJ issued her decision"). Moreover, it was the ALJ's express duty to make a finding about the nature of any vocational adjustment. See Renner, 786 F.2d at 1424; Rose v. Berryhill, 2018 WL 5262580, *3 (C.D. Cal. Oct. 19, 2018)("Nor is the Court persuaded by the Commissioner's contention that Plaintiff waived this issue by failing to question the VE about transferrable skills. Here, the ALJ had the express duty to make a finding about the nature of any vocational adjustment.") (citations omitted). Therefore, the claim was not waived.

Plaintiff acknowledges that the ALJ's findings may have satisfied the transferability standard for a younger worker but contends that the ALJ did not perform the required analysis to satisfy the more stringent standard for an older worker who is limited to very little, if any, vocational adjustment. Plaintiff seeks remand for further proceedings. "[T]he nature of this error

s such that it can only be corrected by remanding the case[.]") Joint Stip. at 10.  The Court agrees.

The ALJ recognized that Plaintiff, who had testified at the hearing that she was 60 years old (AR 37), was an individual "closely approaching retirement age." (AR 27).  The VE testified that Plaintiff's past relevant work consisted of (1) stock clerk, Dictionary of Occupational Titles ["DOT"], 299.367-014, requiring a heavy level of exertion but performed by plaintiff at a medium level of exertion, and semi-skilled; (2) sales clerk, DOT 290.477-014, light exertion, and semi-skilled; and (3) sales - home representative, 270.357-010, light exertion, and semi-skilled, (AR 49-50).  Based on the VE's testimony, the ALJ found that Plaintiff had acquired work skills (customer service, compiling, and dealing with people) from her past relevant work as a sales - home representative that were transferrable to other occupations existing in significant numbers in the national economy, including customer order clerk (DOT 249.362-026, sedentary, semi-skilled), information clerk (DOT 237.367-022, sedentary, semi-skilled); and telephone solicitor (DOT 299.357-014, sedentary, semi-skilled). (AR 27-28, 50-52).

Here, the ALJ recognized that transferability of skills from past relevant work to other jobs was an issue (see AR 27, citing 20 C.F.R. § 404.1568(d); see also AR 28), but did not cite to the particular regulation/standard  governing transferability of job skills for persons of advanced age (20 C.F.R. § 404.1568(d)(4)), and failed to "either make a finding of 'very little  vocational

adjustment' or otherwise acknowledge that a more stringent test is being applied which takes into consideration [Plaintiff's] age." Renner, 786 F.2d at 1424. This was error. "Although [the claimant's] age was noted in the ALJ's decision, merely stating 'the existence of fact does not mean it was considered,' pursuant to 20 C.F.R. § 404.1563[e]." Coletta v. Massanari, 163 F.Supp.2d 1101, 1106 (N.D. Cal. 2001)(citation omitted); see also Centeno-Gutierrez v. Berryhill, 2017 WL 2903187, *5 (N.D. Cal. May 15, 2017)("While the ALJ acknowledged in her decision that [the plaintiff] was born in 1951 and that she was 50 years old on the alleged date of onset but changed age category to advanced age and closely approaching retirement age, she does not discuss or apply the specific vocational rule for persons who are closely approaching retirement age.").

Moreover, the ALJ at the hearing did not ask the VE whether Plaintiff could perform the new jobs with "very little, if any, vocational adjustment"[8] (see AR 50-55), and the ALJ did not find that Plaintiff could perform the new jobs with "very little, if any, vocational adjustment" (see AR 27-28). See Coletta, 163 F.Supp.2d at 1106 ("[I]n cases involving advanced age individuals,

---

[8] Although the VE testified that one of the new jobs (telephone solicitor) that Plaintiff could perform would require "nothing more" than the transferable skills Plaintiff had acquired from her past relevant work (AR 54), that testimony did not reference Plaintiff's "closely approaching retirement age" and, in any event, the ALJ did not cite such testimony in her decision. (See AR 28).

the ALJ must make a specific finding as to the amount of vocational adjustment required.").

Finally, this is not a case where the context clearly shows a vocational expert's understanding of the stringent standard governing the transferability of skills for a claimant "closely approaching retirement age." See Terry, 903 F.2d at 1280; Coletta, 163 F.Supp.2d at 1106; Deborah S. v. Saul, 2020 WL 2512798, *4 (C.D. Cal. May 15, 2020)("Here, it cannot be assured that the correct legal standard was applied. Neither the ALJ's decision nor the VE's testimony suggested that they applied the vocational adjustment standard under a different label.  Thus, the deficiency was more than the mere absence of magic words or precise phrases."); Rose, 2018 WL 5262580, *2 ("It was therefore necessary for the ALJ to make a finding that the occupation of information clerk would require 'very little' vocational adjustment in terms of tools, work processes, work settings, or the industry.  The ALJ did not make such a finding, and the VE's testimony did not offer any basis for such a finding."); Davis v. Berryhill, 2017 WL 1407637, *2 (C.D. Cal. Apr. 19, 2017)("the ALJ found skill transferability to sedentary work without inquiring of the vocational expert, and without making any finding, concerning the nature of the any vocational adjustment possibly required.  This was error.") (citation omitted); Eshraghi v. Colvin, 2014 WL 1794428, *4 (E.D. Cal. May 6, 2014)("Because the ALJ failed to discuss whether Plaintiff would be required to make any vocational adjustments prior to determining that Plaintiff is able to perform work in the national economy, the ALJ's findings were deficient.").

**C.   Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where, as here, the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman v. Apfel, 211 F.3d at 1179-81.

Since the ALJ failed to make a specific finding with respect to whether Plaintiff could perform the occupations identified by the VE with very little if any vocational adjustment, remand is warranted. Because outstanding issues must be resolved before a determination of disability can be made, and "the record as a whole creates serious doubt as to whether [Plaintiff], in fact, is disabled within the meaning of the Social Security Act," further administrative proceedings would serve a useful purpose and remedy

defects.[9]  Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014)(citations omitted).

**ORDER**

For the reasons discussed above, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 30, 2020

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE